Dear Representative Wiggins:
I am in receipt of your request for an Attorney General's opinion wherein you seek an opinion as to whether or not school aides of the schools in the Special School District can transfer their accumulated sick time to a parish school board or whether the transfer of sick time is at the discretion of each school board.
LSA-R.S. 17:47 addresses sick leave for superintendents and teachers in special schools. This statute was amended by Acts 1988, No. 740 § 1 and Acts 1988, No. 751, § 1 to include "school aides" in situations where a school aide is injured or disabled while acting in his official capacity as a result of assault or battery by any student or person. LSA-R.S. 17:47G(1) sets forth the instances in which sick leave can be transferred by a superintendent or teacher of a special school to another public school system in the state. However, this statute does not discuss whether sick leave can be transferred for a school aide.
LSA-R.S. 17:1206 sets forth the sick leave that is required to be provided to employees of the school system. LSA-R.S. 17:1206B(1) allows an employee to transfer from one city or parish public school system to another in this state provided certain conditions are met. LSA-R.S. 17:1205 defines an employee as follows:
 The term "employee" as used in R.S. 17:1206-17:1207 shall be construed to be any person in the employ of any parish or city school board of the State of Louisiana who is not a teacher or whose employment does not require the holding of a teacher's certificate or who is not employed as a bus driver.
In an effort to determine whether school aides of the Special School Districts are "employees" as defined by LSA-R.S. 17:1205
and discussed in LSA-R.S. 17:1206, I spoke with Lester Klotz, State Director of Special School District No. 1 for some information concerning the special schools in the district. I inquired as to whether the employees of these schools are employed by the parish or city school board. He indicated that some of the employees are employed by the Department of Education and some are employed by the schools themselves subject to the approval of the Board of Elementary and Secondary Education. However, he indicated that none of the employees are employed by the parish or city school board. Therefore, LSA-R.S. 17:1206(B) is not applicable.
LSA-R.S. 17:51 creates a parish school board for each parish which entity is ". . . authorized to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper." Therefore, an employee of Special School District No. 1 will need to review the rules pertaining to sick leave of the public school system that he or she is wanting to transfer to see whether his or her accumulated sick time can be transferred.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
DATE RECEIVED: November 25, 1997BR
DATE RECEIVED: December 2, 1997SH
DATE RELEASED: